# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NORTHEASTERN DIVISION

| | |
|---|---|
| **JEREMY J. DALTON, #288831,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )   **NO. 2:26-cv-00011** |
| | ) |
| **DEMETRIUS GEOFREY, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM OPINION AND ORDER

State inmate Jeremy Dalton has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2) supported by a trust fund account statement (Doc. No. 3).

### I. PAUPER STATUS

The fee for filing a habeas petition is five dollars. 28 U.S.C. § 1914(a). A proper IFP application includes a declaration that the petitioner is unable to pay the filing fee, accompanied by a certificate from an appropriate jail official showing the amount of money that he has in his inmate trust account. Rule 3(a), Rules Gov'g § 2254 Cases (hereinafter, "Habeas Rules"). Petitioner's IFP application substantially complies with these requirements and reflects that, at the time of this action's filing, he lacked sufficient financial resources to pay the five-dollar filing fee. Accordingly, the IFP application (Doc. No. 2) is **GRANTED**.

### II. INITIAL REVIEW OF THE PETITION

The Petition is now before the Court for a preliminary review. See Habeas Rule 4. Under Habeas Rule 4, the Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See also Crump v. Lafler, 657

F.3d 393, 396 n.2 (6th Cir. 2011) (citing McFarland v. Scott, 512 U.S. 849, 856 (1994)) ("If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition."). In this case, the Petition reveals that Petitioner is seeking federal habeas relief from the 2021 judgment of the Fentress County Criminal Court in case number CR 19-85, which resulted in Petitioner's conviction and lengthy prison sentence for premeditated first-degree attempted murder. (Doc. No. 1 at 1). The trial court's judgment was affirmed by the Tennessee Court of Criminal Appeals on December 20, 2024, and permission to appeal to the Tennessee Supreme Court was denied on April 17, 2025. (Doc. No. 1-1 at 278, 319); State v. Dalton, No. M2023-01588-CCA-R3-CD, 2024 WL 5182923 (Tenn. Crim. App. Dec. 20, 2024), appeal denied (Apr. 17, 2025).

However, the Petition and the online records of the Tennessee appellate courts indicate that Petitioner is still pursuing his state post-conviction remedies. He has a pending appeal before the Tennessee Court of Criminal Appeals from the trial court's denial of his petition for writ of coram nobis and from its denial of relief on some, if not all, issues raised at the initial level of post-conviction review. See https://pch.tncourts.gov/CaseDetails.aspx?id=92760&Number=True (last visited Apr. 22, 2026) (reflecting pendency of appeal from Fentress County Criminal Court in case numbers 2025-CR-60 and 2025-CR-61, awaiting State's filing of appellate brief);[1] (Doc. No. 1 at 5–6 (describing "recently filed" appeal from dismissal of all post-conviction issues "save for ineffective assistance of counsel")); (Doc. No. 1-1 at 74–77 (Sept. 22, 2025 trial court order in "No. 25-CR-61," dismissing Petitioner's "supplemental claim for Post-Conviction Relief" as waived, "[l]ike many of the other claims in his original Petition," and stating that the post-

---

[1] The Court takes judicial notice of these online records of the Tennessee appellate courts. See Fed. R. Evid. 201 (allowing judicial notice of adjudicative facts at any stage of the proceedings); see also Lyons v. Stovall, 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record.") (quoting Granader v. Pub. Bank, 417 F.2d 75, 82–83 (6th Cir. 1969)).

2

conviction case "shall go forward only on the claim of ineffective assistance of counsel….")). The Petition also reveals that Petitioner filed a state habeas petition in Morgan County Circuit Court, which was reopened in 2023 and remains pending. (Doc. No. 1 at 3–4); *see* Morgan County Online Court Records System, https://morgan.tncrtinfo.com/crCaseForm.aspx?id=5F1D21CC-9630-4519-87A7-31F75042687D&dsid=59edfe1e (last visited Apr. 22, 2026).

"District courts have a 'duty to screen out [habeas petitions] which should be dismissed,'" including "for lack of exhaustion" of state-court remedies. Shah v. Quintana, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) (quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)); see also Clinkscale v. Carter, 375 F.3d 430, 436 (6th Cir. 2004) (recognizing courts' "authority to raise and consider the issue of exhaustion *sua sponte*") (citing Harris v. Rees, 794 F.2d 1168, 1170 (6th Cir. 1986)). A state prisoner generally must exhaust all available state court remedies to obtain relief through a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A); Pillow v. Burton, 852 F. App'x 986, 990 (6th Cir. 2021). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Clinkscale, 375 F.3d at 437 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). In Tennessee, a petitioner is "deemed to have exhausted all available state remedies for [a] claim" when that claim is presented to the Tennessee Court of Criminal Appeals. Adams v. Holland, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. Sup. Ct. R. 39).

It is Petitioner's burden to show that his state court remedies have been exhausted. Nali v. Phillips, 681 F.3d 837, 852 (6th Cir. 2012) (citing Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994)). Here, the face of the Petition and the online records cited above reveal that Petitioner cannot meet

3

this burden, as his post-conviction case is currently pending before the Tennessee Court of Criminal Appeals. Further review of his federal petition is therefore precluded at this time.

### III. CONCLUSION

In light of the foregoing, this action is **DISMISSED WITHOUT PREJUDICE** to Petitioner's ability to file another petition under Section 2254 in the future, after he has exhausted his remedies in state court.

Because this constitutes a "final order adverse to" Petitioner, the Court must "issue or deny a certificate of appealability." Habeas Rule 11(a). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, where a habeas petition is dismissed on procedural grounds, a certificate of appealability will not issue unless "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Dufresne v. Palmer, 876 F.3d 248, 253 (6th Cir. 2017) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

As reasonable jurists would not debate the Court's procedural ruling that Petitioner has not exhausted available state court remedies, the Court **DENIES** a certificate of appealability. Petitioner may, however, seek a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

4